UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILL WARGO,

    Plaintiff,

v.

                              Case No. 11-10195
                              Hon. Gerald E. Rosen

MARVIN FRANCIS JUNGELS,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 29, 2012    

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff Bill Wargo commenced the present suit in a Michigan court on December 3, 2010, asserting a state-law claim of negligence against Defendant Marvin Francis Jungels arising from a motor vehicle accident that occurred on July 8, 2009 in St. Clair Shores, Michigan. Defendant removed the case to this Court on January 14, 2011, citing the parties' diverse citizenship. *See* 28 U.S.C. §§ 1441(a), 1332(a).

Through the present motion, Plaintiff seeks to voluntarily dismiss this suit without prejudice under Fed. R. Civ. P. 41(a)(2). In support of this motion, Plaintiff states that he intends to pursue a claim of malpractice against Defendant's primary care physician, and

he argues that dismissal without prejudice is warranted so that he may pursue his claims against both Defendant and his physician in consolidated actions brought in the same forum. Defendant opposes this relief, contending that he would be prejudiced by the requested dismissal in light of Plaintiff's purported delay in bringing the present motion, and in light of the summary judgment motion he has filed and the fees and expenses he has incurred to date in defending against Plaintiff's claims in this action.

Plaintiff's motion has been fully briefed by the parties. Having reviewed the parties' briefs, their accompanying exhibits, and the remainder of the record, the Court finds that the relevant allegations, facts, and legal issues are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiff's motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court finds that this motion should be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

For present purposes, the pertinent facts and procedural background may be briefly summarized. According to the complaint, Plaintiff Bill Wargo sustained injuries on July 8, 2009 when a Pontiac Silverado truck driven by Defendant Marvin Francis Jungels struck Plaintiff's Harley Davidson motorcycle. At the time of the accident, Defendant was a Michigan resident, but he moved to Louisiana before this suit was filed.

During discovery in this action, Plaintiff has learned facts which, in his view, suggest the possibility that Defendant's primary care physician may bear some

responsibility for the accident that led to Plaintiff's injuries. Specifically, Plaintiff maintains that the record lends support to the proposition that Defendant's physician should have advised him not to drive in light of his medical conditions.[1] Accordingly, Plaintiff has taken steps to pursue a claim of medical malpractice against this physician, and he plans to commence a malpractice suit in state court upon the expiration of the statutory notice period for bringing such claims under Michigan law.

### III. ANALYSIS

Through the present motion, Plaintiff seeks the voluntary dismissal of this suit without prejudice, so that he may reassert his negligence claim against Defendant in a single, consolidated state court action in which he plans to pursue claims against both Defendant and his primary care physician. Because Defendant opposes the dismissal of this suit, Plaintiff must seek this desired relief through a court order issued pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides in pertinent part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

The Sixth Circuit has explained that "[t]he primary purpose of [Rule 41(a)(2)] in

---

[1] Defendant evidently shares the view that his medical condition was the cause of the accident in which his truck struck Plaintiff's motorcycle. In support of a pending summary judgment motion, Defendant asserts that he suffered a myocardial infarction just prior to the accident, and he argues that this medical emergency triggers the "sudden emergency" doctrine that serves as a complete defense to liability under Michigan law.

interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994). Thus, a district court generally should allow dismissal under Rule 41(a)(2) unless "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover,* 33 F.3d at 718. "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense in preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover,* 33 F.3d at 718.

Upon considering these factors here, the Court finds that they largely militate against a finding of plain legal prejudice. First, it is true that Defendant and his counsel have expended considerable efforts and incurred expenses in defending against Plaintiff's claims in this litigation, where Defendant has submitted to a deposition, the parties have engaged in a complete round of discovery, and Defendant has prepared and filed a summary judgment motion. Nonetheless, this consideration lends only modest support to a finding of prejudice, since "much [or all] of [Defendant's] effort and expense would be useful" in any subsequent suit in which Plaintiff might reassert his negligence claim against Defendant. *See Rosenthal v. Bridgestone/Firestone, Inc.,* No. 05-4451, 217 F. App'x 498, 502 (6th Cir. Feb. 16, 2007); *see also Brown v. Baeke,* 413 F.3d 1121, 1126 (10th Cir. 2005) (finding that dismissal without prejudice was warranted, based in part on

4

"the ability of the parties to use discovery in the new case"). As noted, the mere prospect of a second suit, standing alone, does not establish plain legal prejudice, absent an indication that Defendant's effort and expense would be for naught in this second suit.

Next, while Defendant's opposition to Plaintiff's request for dismissal rests largely on the premise that Plaintiff failed to act with diligence in making this request, the Court views the record differently. In an effort to show Plaintiff's excessive delay, Defendant notes that the medical records of his primary care physician were provided to Plaintiff in May of 2011, thereby "plac[ing] Plaintiff on notice" of possible claims against this physician roughly three months before Plaintiff brought the present motion. (Defendant's Response Br. at 5.) Yet, Defendant himself was not deposed until mid-July of 2011, and Plaintiff states without contradiction that this testimony contributed to his belief that he has viable claims against Defendant's physician. (*See* Plaintiff's Motion at ¶¶ 4-5 (citing Defendant's then-recent deposition testimony as leading to Plaintiff's "discovery" of a possible malpractice claim).) More generally, the discovery period still remained open at the time Plaintiff made his request for dismissal, and Defendant does not claim that Plaintiff engaged in any sort of dilatory tactics during this suit — to the contrary, he aggressively sought discovery concerning Defendant's medical history, and brought a motion to compel production of this information. Under this record, the Court cannot say that Plaintiff has been guilty of excessive delay or a lack of diligence, whether as to seeking dismissal or in the overall prosecution of this action.

Turning next to Plaintiff's explanation of the need for dismissal, Plaintiff cites his

intention to bring a claim of malpractice against Defendant's primary care physician, and he appeals to considerations of judicial economy as justifying the dismissal of this suit. Defendant does not directly challenge the sufficiency of this explanation, but rather suggests that Plaintiff's appeal to judicial economy rings hollow because, in Defendant's view, Plaintiff will be unable to state a viable claim of malpractice against Defendant's physician. The Court, however, sees no reason to speculate as to the possible merits of this malpractice claim. Even assuming Defendant is correct and this claim does not prove viable, Defendant presumably would be able to return to his preferred federal forum upon the dismissal of the claims against this non-diverse co-defendant, Defendant's Michigan-based physician. *See* 28 U.S.C. § 1446(b) (authorizing removal if a case is not initially removable but later becomes so). Accordingly, this factor does not support a finding of plain legal prejudice.

The final factor identified in *Grover,* 33 F.3d at 718, is "whether a motion for summary judgment has been filed by the defendant." At the time Plaintiff brought the present motion, the discovery period remained open and the deadline for filing dispositive motions was more than a month away. While Defendant has since filed a summary judgment motion, he could have avoided any resulting prejudice by acquiescing in Plaintiff's request for dismissal and bringing this motion in the state court suit Plaintiff plans to file against both Defendant and his physician. Moreover, there is nothing to prevent Defendant from re-filing his summary judgment motion in this new suit. Although Defendant might prefer that this Court, rather than a state court, resolve the

issues raised in his summary judgment motion, this preference does not give rise to a compelling claim of prejudice where, as here, the disposition of this motion turns solely on issues of Michigan law. As one court has observed, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *American National Bank & Trust Co. v. BIC Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991).[2] Thus, Defendant's filing of a summary judgment motion lends little, if any, support to a finding of plain legal prejudice. *See Rosenthal,* 217 F. App'x at 502 (observing that "the existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice").

Considered in their totality, then, the factors set forth in *Grover*, when applied to the facts and circumstances presented here, do not establish the requisite plain legal prejudice that would warrant the denial of Plaintiff's request for voluntary dismissal. The Court recognizes Defendant's dissatisfaction that this request was made late in the discovery period, and only shortly before Defendant filed a summary judgment motion that he hoped would bring this litigation to an end. Yet, the Court sees nothing in the record to indicate that this was the product of undue delay, a lack of diligence, or an attempt to gain a strategic advantage. Rather, the record reflects that Plaintiff actively

---

[2]It also is worth noting that the facts and circumstances here tend to establish only a weak claim to a federal forum. As noted earlier, Defendant was a Michigan resident at the time of the July 8, 2009 accident, and he only later relocated to Louisiana. In addition, the accident occurred in Michigan, Defendant's physician is located in Michigan, and all of the pertinent witnesses appear to be Michigan residents.

pursued discovery, and that it was only through these efforts that he identified a possible claim against Defendant's physician. Moreover, Plaintiff's request for dismissal is motivated by a legitimate desire to pursue his claims against both Defendant and his physician in a single forum, an objective that also promotes the interests of judicial economy. Finally, Defendant's efforts and expense in this action will carry over to any new suit Plaintiff might file, without any evident threat of significant duplication of effort in this subsequent suit. These considerations, viewed as a whole, lead the Court to conclude that Plaintiff's motion for dismissal without prejudice should be granted.

Alternatively, in the event that the Court determines (as it now has done) that Plaintiff's request for dismissal should be granted, Defendant argues that Plaintiff should be ordered to reimburse him for the "extensive time and monetary efforts in the defense of this litigation." (Defendant's Response Br. at 7.) Yet, notably absent from this request for reimbursement is any attempt by Defendant to identify any efforts made or fees or expenses incurred that were unique to this suit, and therefore will have to be duplicated in any subsequent action brought by Plaintiff against Defendant and his physician. Most of the parties' discovery efforts presumably will carry over to the new suit. To the extent that this new suit will entail additional discovery efforts — directed at, for example, Defendant's physician — in which Defendant and his counsel will have to participate, the same would have been true if Plaintiff had amended his complaint in this case to assert claims against this additional party. As one court has stated, a fee award under Rule 41(a)(2) "should reimburse the defendant for expenses incurred in preparing work

product that will not be useful in subsequent litigation of the same claim." *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir. 1985); *see also Rosenthal,* 217 F. App'x at 502 (affirming an order of dismissal that was "conditioned . . . on plaintiffs' payment of defendants' reasonable costs and attorney fees for work that could not be transferred to" the new suit). Because Defendant has not identified any such expenses incurred in this suit that cannot be carried over to subsequent litigation, the Court declines his request to condition the dismissal of this suit upon Plaintiff's payment of his fees and costs.

### IV.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's August 19, 2011 motion to dismiss without prejudice (docket #19) is GRANTED. In light of this ruling, IT IS FURTHER ORDERED that Defendant's September 1, 2011 motion for summary judgment (docket #21) is DENIED WITHOUT PREJUDICE, with Defendant remaining free to seek this or similar relief in any suit Plaintiff might elect to bring against him in the future.

<div style="margin-left: 40%">s/Gerald E. Rosen<br>
Chief Judge, United States District Court</div>

Dated:  March 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2012, by electronic and/or ordinary mail.

                        s/Ruth A. Gunther
                        Case Manager